Catron, Ch. J.
delivered the opinion of the court.
That the county court at the May term, had no power or jurisdiction over the cause, then by appeal in error pending in the circuit court, need only be stated to gain admission.
But this is not the main question. Did a bill of exceptions, and appeal in error, lie to the order discharging Whitney? The bill of exceptions being designed to ground a writ of error upon, if a writ of error will not lie, of course exceptions cannot be sealed. 1 Starkie’s Ev. 430.
Whether an appeal, or writ of error lies, from an order or sentence to discharge an insolvent debtor, depends upon our constitution and statutes.
The person of a debtor where there is not strong presumption of fraud, shall not be continued in prison after delivering up his estate for the benefit of his creditors in such manner as prescribed by law, says the constitution. Controlled by this restriction, has the the legislature acted upon the subject? By the act of 1801, ch. 24, any two justices of the peace, circuit judge, circuit or county court, may, and on application are bound, to discharge an insolvent debtor imprisoned by virtue of a ca. sa. Of course when the discharge takes place before *477 íustices or a circuit luctee out of court, no exceptions J , ", , . - ,. can be sealed, nor will an appeal or writ of error lie to the order of discharge. The act provides, that the defendant shall be discharged on his taking the oath, if there be no person present who can prove the contrary. This privilege is not intended by our legislature to be incumbered with appeals and writs of error. To allow either where the oath happens to be taken in open court, would defeat the intention of the convention and legislature; which clearly is, that on the oath being taken, no further step in the collateral matter of discharge can be allowed. This cause has been in court more than five years, all of which time Whitney might have been confined in close jail, had it so happened he could not have given security for his appearance; and to decide that bills of exceptions and appeals lay for supposed irregularities in the proceedings of county courts in.such cases, few would go security for appearance, or for the bounds.
The manner Whitney appeared in court, makes no difference. The act of 1817, ch. 16, permitting a defendant in the prison bounds to take the insolvent oath, and the act of 1824, ch. 17, providing he may give bond to appear at the next court to which the cci. sa. is returnable, and take it, are only modifications of his former condition, confinement within the four walls of the jail.
Whitney’s discharge by the Bedford county court was conclusive.
A motion was made for judgment against the securities. Their undertaking was, that the principal, Whitney, should take the oath of insolvency. He having done so, no judgment could be had against them.
But the court taxed Donnelly with the costs incident to the discharging of Whitney. So much of the judgment is erroneous, as has been decided at the present term.
The judgment of the circuit court was for this reason correct, when it reversed that of the county court; but no reason is seen why the cause should be remanded to the *478 Be(jford county court. The whole cause is there in law and fact, because not subject to removal, save so much of the judgment as charges Donnelly with costs, from which he will be discharged and go hence. The costs of the different courts will have to be paid by Whitney.
Judgment accordingly.